# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| REGINA COATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-968 (RMC) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

After prevailing in an administrative action under the Individuals with Disabilities Education Act on behalf of her child, Regina Coates sues the District of Columbia for attorney fees and costs.  The parties filed cross motions for summary judgment.  As a prevailing party, Ms. Coates is entitled to reasonable attorney fees and costs.  Having considered the record closely, the Court will reduce the attorney's hourly rate, strike attorney hours spent on an unsuccessful pre-hearing motion, and reduce charges for travel time, facsimiles, and copying.

## I.  FACTS

Regina Coates is the parent of a minor child, R.C.  As provided for by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq.*, she pursued a Free Appropriate Public Education (FAPE), 20 U.S.C. §1412(a)(1)(A), for R.C. after the District of Columbia Public Schools (DCPS) failed to agree that R.C. had special needs.  Ms. Coates filed an administrative due process complaint against DCPS on December 6, 2013.  Following a prehearing conference, the hearing officer identified the following four issues for hearing:

1. Should DCPS have classified the Student as eligible for special education services as a Student with an emotional disturbance from January, 2013 through present, and provided the Student with an[] appropriate IEP and educational placement?  If so[,] did DCPS deny the Student FAPE?

2. In connection to the IEP meetings for July 24, 2013 and October 1, 2013, did DCPS fail to include appropriate and required team members?  If so, did DCPS deny the Student a FAPE?

3. In connection to the IEP meetings for July 24, 2013 and October 1, 2013, did DCPS fail to conduct a Functional Behavior Assessment and Vocational Assessment?

4. In connection to the IEP meetings for July 24, 2013 and October 1, 2013, did DCPS fail to meaningfully consider the 4 independent evaluations previously obtained by the Petitioner?

Pl. Mot., Ex. 1, Hearing Officer Determination (HOD) [Dkt. 7-5] at 2-3.  Ms. Coates filed a pre-hearing motion for a classroom observation of R.C. by her expert, but it was denied by the hearing officer.  The due process hearing was held on February 6, 2014.  In an HOD dated February 19, 2014, the hearing officer concluded that R.C. must be "deemed eligible for services as a Student with an emotional disturbance" and found that the District had "denied [R.C.] a FAPE by the IEP team's decision to find the Student ineligible [for special education services] at the July, 2013 and October, 2013 meetings." *Id.* at 15.

The hearing officer awarded six months of remedial reading tutoring for two hours per week, at least five hours per week of specialized instruction within general education, a Functional Behavioral Assessment, one hour per week of speech and language therapy, one hour per week of occupational therapy and two hours per week of counseling. *Id.* at 17-19.  The hearing officer denied requests for a full time therapeutic setting, mentoring, wraparound services, a vocational assessment, and extended school year services. *Id.* at 17-20.

Under 20 U.S.C. § 1415(i)(3)(B), a court may award attorney fees to a parent who prevails in an IDEA proceeding. Ms. Coates submitted a petition for attorney fees and costs to the District in the amount of $48,055.28. Pl. Mot. for Summ. J. [Dkt. 7-1] (Pl. Mot.), Ex. 2 [Dkt. 7-6] (Invoice). DCPS objected to aspects of its recorded fees and costs and this lawsuit followed.

## II.  LEGAL STANDARD

### A.  Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* at 675. If the evidence "is merely

colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477

U.S. at 249-50 (citations omitted).

### B.  Attorney Fees under IDEA

IDEA authorizes an award of attorney fees to a prevailing party, specifically

including the parent of a child with a disability.  20 U.S.C. § 1415(i)(3)(B)(i)(I).  Attorney fees

"shall be based on rates prevailing in the community in which the action or proceeding arose for

the kind and quality of services furnished."  *Id*. § 1415(i)(3)(C).  Thus, to recover attorney fees, a

party must demonstrate that she is the prevailing party and that the fees sought are reasonable.

*Rooths v. Dist. of Columbia*, 802 F. Supp. 2d 56, 60 (D.D.C. 2011).  In complex federal

litigation, courts determine whether a fee is reasonable by calculating a "lodestar fee," *i.e*. the

number of hours reasonably expended multiplied by a reasonable hourly rate.  *Hensley v.

Eckerhart*, 461 U.S. 424, 437 (1983).[1]  A reduction in fees may be appropriate if a party is only

partially successful.  *Id*. at 434.  A fee applicant bears the burden of establishing all elements of

the requested fee award, including entitlement to the award, documentation of appropriate hours,

and justification for the reasonableness of the rates.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984);

*Covington v. Dist. of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995).[2]

The determination of a market rate is "inherently difficult" and is decided by the

court in its discretion.  *Blum*, 465 U.S. at 896 n.11.  "To inform and assist the court in the

exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in

---

[1] Reasonable attorney fees include reasonable fees for legal assistants and law clerks.  *Missouri v.
Jenkins*, 491 U.S. 274, 285 (1989).

[2] Fee applications must "include contemporaneous time records of hours worked and rates
claimed, plus a detailed description of the subject matter of the work with supporting documents,
if any."  *In re Donovan*, 877 F.2d 982, 994 (D.C. Cir. 1989).  Billing descriptions can be read in
context, with clarification coming from surrounding billing entries as well as the docket.  *Heard
v. Dist. of Columbia*, Civ. No. 02-296, 2006 WL 2568013, at *14-15 (D.D.C. Sept. 5, 2006).

addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.*  "[A]n attorney's usual billing rate is presumptively the reasonable rate, provided that this rate 'is in line with those prevailing in the community for similar services' . . . ."  *Kattan by Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993) (internal citation omitted).

IDEA also provides specifies bases for reducing fee requests.  *See* 20 U.S.C. § 1415(i)(3)(F).  These reasons include, among others, an unreasonable fee demand beyond that prevailing in the community for similar services, *id.* § 1415(i)(3)(F)(ii), and excessive time spent or legal services furnished considering the nature of the case.  *Id.* § 1415(i)(3)(F)(iii).

## III.  ANALYSIS

### A.  Rates

Ms. Coates seeks reimbursement from the District of Columbia for legal services rendered by the law firm of Jester and Williams, as set forth in the Invoice.  Elizabeth Jester, a named partner, represented Ms. Coates.  Ms. Jester has more than 20 years' experience in litigating IDEA cases.  She submitted the Invoice to DCPS reflecting a billing rate of $505 per hour for work performed from January 2013 through May 2013 and $510 per hour for work performed from June 2013 through May 2014.  Mery Williams, a paralegal with approximately 19 years of experience at Jester and Williams, assisted with the preparation of attorney fee invoices.  The Invoice billed her time at $145 per hour.

Ms. Coates contends that the rates of $505 and $510 per hour for attorney services and $145 per hour for paralegal services are reasonable because those are the rates on the *Laffey*

Matrix for the respective year.[3]  The *Laffey* Matrix was developed by the United States

Attorney's Office for the District of Columbia to track prevailing attorney hourly rates for

complex federal litigation here.  *Covington*, 57 F.3d at 1109.  It "creates one axis for a lawyer's

years of experience in complicated federal litigation and a second [axis] for rates of

compensation."  *Griffin v. Wash. Convention Ctr.*, 172 F. Supp. 2d 193, 197 (D.D.C. 2001).  The

rates on the *Laffey* Matrix are typically treated as the maximum rates that will be presumed to be

reasonable when a court reviews a petition for statutory attorney fees.  *Rooths*, 802 F. Supp. 2d at

61.  Set for June 1 through May31, the *Laffey* rates for attorneys with more than 20 years of

experience was $505 for 2012-2013 and $510 for 2013-2014.  *Laffey* Matrix.  The *Laffey* rate for

paralegals for the years 2012-2014 was $145.  *Id.*

       Among other objections to the Invoice, the District objects to a straight

application of *Laffey* rates, arguing that this IDEA litigation was not complex federal litigation

and that three-quarters of the relevant *Laffey* rate is the prevailing rate in the District of Columbia

for non-complex IDEA matters.  D.C. asks the Court to limit the attorney and paralegal rates

here to three-quarters of the applicable *Laffey* rates, identifying cases in this circuit where judges

have ordered that rate.  *See Cousins v. D.C.*, No.11-172, (AK) 2012 WL 1439033, at *5 (D.D.C.

Apr. 26 2012) (setting hourly rate at three-quarters of *Laffey* rate); *Rooths*, 802 F. Supp. 2d at 63

(same) (PF); *Parks v. Dist. of Columbia*, 895 F. Supp. 2d 124 (D.D.C. 2012) (RR); *Carter v.

Dist. of Columbia*, 894 F. Supp. 2d 46 (D.D.C. 2012) (RW).  The proposal would allow hourly

rates of $378.75 for work performed January 2013 through May 2013 and $382.50 thereafter for

the attorney and $108.75 for the paralegal.

---

[3] *See Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 74 F.2d 4 (D.C. Cir. 1984), as modified by *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988).  The *Laffey* Matrix for 2003-2014 is an exhibit to Ms. Coates's Motion.  *See* Pl. Mot., Ex. 8 [Dkt. 7-12] (*Laffey* Matrix).

Federal district judges in this circuit do not agree on whether *Laffey* rates for complex federal litigation should be imported to non-complex administrative litigation such as most IDEA cases.  Some of the judges on this bench have awarded fees in IDEA cases at *Laffey* rates.  *See, e.g., Jackson v. Dist. of Columbia*, 696 F Supp. 2d 97, 102 (D.D.C. 2010) (collecting IDEA cases awarding fees at *Laffey* rates); *Cox v. Dist. of Columbia*, 754 F. Supp. 2d 66, 75-76 (D.D.C. 2010) (same).  In *Cox*, the court found that the administrative proceeding was complex, on the basis that it involved the admission of sixty-five exhibits, the testimony of four witnesses, and written closing statements.  *Id*. at 76.

In contrast, other judges have declined to award the *Laffey* rates because the IDEA case in question was not complex.  In *Agapito v. Dist. of Columbia*, 525 F. Supp. 2d 150 (D.D.C. 2007), this Court declined to apply *Laffey* rates to a relatively simple and straightforward IDEA case.   In *Rooths*, Judge Friedman similarly noted that most IDEA litigation is not complicated:

> [IDEA] litigation does not much resemble the sort of complicated cases in which a plaintiff's counsel is appropriately awarded fees at the maximum allowable rate.  Like most IDEA cases, the claim on which the plaintiff prevailed in this action involved very simple facts, little evidence, and no novel or complicated questions of law.  It was presented in a reasonably informal setting to an administrative Hearing Officer in a two-hour hearing.

*Rooths*, 802 F. Supp. 2d at 62; *accord Wilson v. Dist. of Columbia*, Civ. No. 09-2258, 2011 WL 1428090, at *3 (D.D.C. Apr. 14, 2011) (*Laffey* rates are not generally applicable to IDEA cases because they are not usually complex).  The undersigned is of the opinion that an hourly rate over $500 is excessive given the relative simplicity of most IDEA cases.

Ms. Coates argues that this particular IDEA case was, in fact, complex because: 1) the due process hearing lasted one day; 2) she introduced 19 exhibits; and 3) she presented

one witness, an educational expert.  She also argues that the absence of pre-hearing discovery

rendered this case more difficult than if she had had such tools.  But all due process hearings

have exhibits and witnesses, and there is nothing in this record to indicate that this particular

IDEA case was more challenging than others.   Ms. Coates has pointed to no novel issue or other

complexity that turned this one-day hearing into a complicated piece of litigation.  The ease with

which the attorney handled this routine matter is shown by her failure to do any preparation for,

or even mention the cross examination of, the four DCPS witnesses.  Further still, Ms. Coates's

own description of the case reinforces the Court's conclusion that it was not complex:

> [T]here was one central issue in this case: Should the minor
> Student be determined eligible for special education services? . . .
> In evaluating the minor Student's eligibility for special education
> services . . . , it is critical to understand that DCPS conducted
> absolutely *no* testing or evaluations.

Pl. Reply [Dkt. 10] at 3-4.  In other words, DCPS's position was extremely weak: it had "simply

determined that the Student could not be eligible for special education services because he had

attendance and drug abuse issues."  HOD at 12.

Further, Ms. Coates's attorney has completely failed to provide any evidence that

she actually charges her clients the rates she seeks in this case.  *See Kattan*, 995 F.2d at 278

("[A]n attorney's usual billing rate is presumptively the reasonable rate, provided that this rate

'is in line with those prevailing in the community for similar services' . . . .") (internal citation

omitted).  Without any indication that the attorney regularly bills her clients (and is paid) for

IDEA work at the rate she seeks from the District, her fee application can be seen as

overreaching.  Accordingly, the Court declines to award an hourly rate set by the *Laffey* Matrix.

Because Ms. Coates's attorney offers no true support from either her regular

billing practices or the complications of this specific matter for the fee award she seeks, and

because the facts of this particular matter illustrate that it was not complex, the Court declines

the suggestion of the District of Columbia and, in its discretion, will set a reasonable hourly rate

of $250/$260 for the attorney and $125 for the paralegal.  Of course, an hourly rate at three-

quarters of the *Laffey* rate may well be appropriate in more complicated IDEA cases than this.

### B. Fee Reductions Sought by D.C.

### 1. Prevailing Party

As noted above, in order to be eligible for an award of attorney's fees under the

IDEA, Ms. Coates must be deemed a "prevailing party."  20 U.S.C. § 1415(i)(3)(B)(i).  The

District argues that Ms. Coates only partially prevailed because the hearing officer did not order

the full gamut of remedies she sought.  Def. Cross Mot. for Summ J. [Dkt. 8] at 11-12 (asking

the Court to "make a blanket reduction to the hours that are billed" because the hearing office did

not grant all relief requested).  Ms. Coates responds that the hearing officer ordered DCPS to

recognize that her child has special needs (the critical issue) and awarded multiple tests and

accommodations.

The District also argues that Ms. Coates should not be awarded fees for the 5.4

hours billed for her pre-hearing Motion for Expert Observation of the Student, which the hearing

officer denied.  Although Ms. Coates concedes that she did not prevail on the motion, she argues

that reimbursement is appropriate for the attorney time spent on the motion because counsel had

determined that classroom observation by Ms. Coates's expert would assist in case preparation.

She adds that DCPS refused to allow classroom observation without a motion, despite the fact

that DCPS's witnesses had unrestricted access to observe R.C.

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) provides important direction on the

factors to consider when a plaintiff prevails in part.  The factor of "'results obtained' . . . is

particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." 461 U.S. at 434. To distinguish compensable from noncompensable time, *Hensley* suggests two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* If plaintiff shows that she prevailed on different but interconnected claims, the district court must consider the "level of success" achieved by plaintiff, and "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on litigation." *Hensley*, 461 U.S. at 434. Thus, "the degree of the plaintiff's overall success goes to the reasonableness of the award." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 793 (1989).

Clearly, Ms. Coates prevailed on the central claim at issue: R.C.'s eligibility for special education services. That the hearing officer selected some of the remedies suggested by Ms. Coates and rejected others does not undercut that victory. In other words, Ms. Coates won on her *claim* but was not successful in achieving all of the *remedies* she sought. There is no indication that any particular amount of time was spent cataloguing potential remedies and the District of Columbia does not argue otherwise. Thus, the Court has no way or reason to parse further. Without evidence that the nature of the requested, but denied, remedies required identifiable work, the Court has no basis to reduce fees.

Ms. Coates argues that she prevailed on the sole critical issue and that her pre-hearing motion was related and necessary because counsel had determined that it would help counsel prepare the case. Pl. Reply at 8. The Court has no doubt that counsel for Ms. Coates wanted an order to allow the expert to observe R.C. because counsel thought it would be helpful.

-10-

That, however, is not the standard.  The questions are whether it was a successful motion and, if not, was it intertwined with the aspects of the case on which Ms. Coates prevailed so that it should be reimbursed.  Obviously, it was not a successful motion and the Court finds that it was not sufficiently related to the successful claim to warrant an award of fees because it did not address DCPS's position, *i.e.*, that it had no obligation to test or consider R.C. because of the Student's prior absences from school and drug use.  The Court will deny reimbursement as to those entries clearly devoted to the preparation of that motion.[4]

### 2.  Costs of Copying, Faxing, and Travel

The District of Columbia asks the Court to reduce excessive costs attributed to faxing, photocopying and travel.[5]  The Invoice reflects a charge of $0.25 per page to fax and photocopy documents and an hourly rate charged for time spent on travel from the attorney's office in Virginia into the District for meetings and the due process hearing.  The District suggests a rate of $0.15 per page and fifty percent (50%) of the hourly fee award for travel time.

Costs for copying and faxing are customarily included in fee awards in IDEA litigation.  *Kaseman v. Dist. of Columbia*, 329 F. Supp. 2d 20, 28 n.7 (D.D.C. 2004).  *See Johnson v. Holway*, 522 F. Supp. 2d 12, 20-22 (D.D.C. 2007) (courts consider photocopying of exhibits attached to pleadings, filed with the court, introduced into evidence, or used for impeachment purposes to be "necessarily obtained for use in the case" and thus taxable as costs

---

[4] The dates of those entries are: 1) 11/26/2013 (two entries); 2) 12/2/2013; 3) 12/3/2013; 4) 12/11/2013; 5) 12/12/2013; 6) 1/6/2014 (two entries); and 7) 1/24/2014.

[5] The District questions Ms. Coates's request to be reimbursed for 1,030 pages of photocopying, insisting that Ms. Coates must document and identify what was photocopied.  Although Ms. Coates does not have a descriptive record of each document that was copied, Ms. Coates points to DCPS as the reason for the seemingly excessive photocopying: "I am asked to supply second, third and fourth copies of the same documents to D.C. Public School personnel.  Many times I am asked to supply additional copies of D.C. Public Schools' own documents because school personnel cannot locate them." Invoice at 2.

under 28 U.S.C. 1920(4) and LCvR 54.1(d)(8)).  Mileage charges may be included if they are

routinely billed by an attorney to her client.  *New York v. Microsoft Corp.*, 297 F. Supp. 2d 15,

47-48 (D.D.C. 2003) (citing *Northcross v. Bd. of Ed. of Memphis*, 611 F.2d 624, 639 (6th Cir.

1979)).

       Ms. Coates's attorney seeks recovery for copying and faxing at an excessive rate.

In *Holway*, the defendant sought reimbursement for copying costs at the rate of $0.25 per page.

*Holway*, 522 F. Supp. 2d at 20.  After the plaintiff objected on the ground that Kinko's rate in the

District of Columbia was only $0.10 per page, the defendant agreed that $0.25 per page was

excessive and reduced it to $0.12 per page for copies made at its law firm (and not at an outside

vendor, like Kinko's), which the court approved.  *See also Bryant v. CIA*, 742 F. Supp. 2d 90, 92

n.1 (D.D.C. 2010) (approving charges by CIA of $0.10 per page, after the first 100 pages, in a

FOIA case); *Interfaith Cmty, Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 717 (3d Cir. 2005)

(vacating and remanding an award of costs, in part because the district court approved without

explanation copying costs of $0.20/page when the Fed Ex/Kinko's rate was $0.07/page for bulk

copying).  Ms. Coates states that the D.C. Superior Court reimburses copying costs at a rate of

$0.25 per page; otherwise, she merely says that it is a "reasonable" amount.  Without intending

any disharmony between the Courts, this Court does not agree with the Superior Court's

payment scheme.  It finds that a reimbursement rate of $0.15 per page for copying and faxing is

reasonable.

       The District also challenges the number of copies made by the attorney, which

total over 1,000.  Ms. Coates explains that her counsel not only made copies of pleadings, items

filed with the court, and exhibits introduced into evidence or used for impeachment, *see Holway*,

552 F. Supp. 2d at 22, but also copied documents repeatedly for DCPS.  The only "records" for

these charges are notations "recorded in counsel's time records at the time the expenses are incurred," Pl. Reply at 11, without information about what was copied or for what reason. Over 1,000 pages of copies is clearly excessive for a one-day IDEA hearing at which Ms. Coates introduced 19 exhibits. When extraordinary costs are incurred, courts sensibly require more detailed explanations for reimbursement. The Court will reduce the number of reimbursable copies to 750.

Finally, Ms. Coates seeks reimbursement for the travel time of her attorney from the attorney's office to the meetings and due process hearing associated with this case.[6] Ms. Jester is a partner at Jester and Williams, Attorneys at Law, P.O. Box 1165, Great Falls, Virginia. *See* Invoice. Ms. Jester has her office in Virginia[7] and must travel significant distances to the District or Maryland to meet with clients or appear at hearings. It is inappropriate to require the District of Columbia to pay such correspondingly large fees to Ms. Coates for the hours billed by her attorney for travel time from Virginia to the District. For this reason, and "[b]ecause travel time is compensated at half the attorney's rate," *Bucher v. D.C.*, 777 F. Supp. 2d 69, 77 (D.D.C. 2011), attorney travel time will be reimbursed at one-half the hourly rate set by the Court for this matter.

## IV.  CONCLUSION

Accordingly, both parties' motions for summary judgment will be granted in part and denied in part.

---

[6] The Invoice identifies "Travel to meeting with R. Coates, parent" for 2.10 hours on 10/1/2013; "Travel to meeting at Roosevelt HS to discuss possible settlement" for 2.10 hours on 1/10/2014; "Travel to [due process] hearing" for 2.50 hours on 2/6/2014; and "Travel to IEP meeting per Hearing Officer Determination" for 2.20 hours on 3/12/2014. Invoice.

[7] Ms. Jester is not admitted to practice law in the Commonwealth of Virginia. The Court notes that the Virginia Rules of Professional Conduct provide that a "Foreign Lawyer shall not . . . establish an office or other systematic and continuous presence in Virginia for the practice of law . . . ." Virginia Rules of Prof'l Conduct R 5.5 (2013).

The District shall pay attorney fees for hours set forth in the Invoice at the rate of $250.00 per hour for work performed from January 2013 through May 2013 and $260.00 per hour thereafter, with the exception of the hours billed for the Motion for Expert Observation of the Student.[8]  The District shall pay paralegal fees for hours set forth in the Invoice at the rate of $125.00 per hour.  The District shall pay costs for facsimile and copying at the rate of $0.15 per page; and it shall pay for the travel time of the attorney at one-half the hourly rate set by the Court.  Ms. Coates shall submit a supplemental invoice to the District that is consistent with this Opinion.  A memorializing Order accompanies this Memorandum Opinion.


DATE: February 3, 2015

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

---

[8] The dates of those entries are: 1) 11/26/2013 (two entries); 2) 12/2/2013; 3) 12/3/2013; 4) 12/11/2013; 5) 12/12/2013; 6) 1/6/2014 (two entries); and 7) 1/24/2014.